[Cite as *State v. Ayers*, 2013-Ohio-5402.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2013CA00034 |
| KAYLA J. AYERS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2012CR1567 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 9, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JOHN D. FERRERO<br>Prosecuting Attorney,<br>Stark County, Ohio | GEORGE URBAN<br>116 Cleveland Ave. NW., Suite 808<br>Canton, Ohio 44702 |
| By: RONALD MARK CALDWELL<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South – Suite 510<br>Canton, Ohio 44702-1413 | |

*Hoffman, J.*

{¶1}   Defendant-appellant Kayla J. Ayers appeals her conviction entered by the Stark County Court of Common Pleas on one count of aggravated arson, in violation of R.C. 2902.02, and one count of endangering children, in violation of R.C. 2919.22. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

{¶2}   On October 3, 2012, the Massillon Fire Department responded to a fire at Appellant's residence.  The fire was extinguished in the basement of the home.

{¶3}   Appellant's defense centered upon the allegation her young son started the fire.  Appellant's son did not appear to have any smoke exposure or soot on his person.  Appellant cut her hand while allegedly attempting to get her son out of the residence.  Appellant appeared to have smoke exposure and tested positive for soot residue on her person.

{¶4}   Inspector Reginald Winters of the Massillon Fire Department testified he ruled out an electrical shortage as the cause of the fire.  Winters determined a mattress was the point of origination for the fire, and there were two distinct start points at separate ends of the mattress.  Winters' report concluded the fire was not an accident.

{¶5}   During an interview with investigators Appellant claimed her three-year old son started the fire while playing with a cigarette lighter.  She seemed lethargic and unable to answer the questions posed.  She stated she was in the basement folding clothes when she noticed her son by the bed playing with a lighter.  Shortly thereafter she noticed a fire on the bed, grabbed a blanket and started fanning the flame.  She ran

and retrieved a glass of water, but tripped, breaking the glass, falling and cutting her hand. She stated she could not find the phone to call the fire department.

{¶6} At the time of the fire, Appellant lived with her father and his family. Her father had previously discussed finances with her, and the fact she had not been contributing to the household financial situation. Their relationship eventually deteriorated and Jeff Ayers, Appellant's father, told Appellant to leave and care for her own family. Appellant refused to leave. Jeff Ayers testified at trial when he decided to leave, Appellant threatened to burn the house down.

{¶7} Additionally, a neighbor of Appellant, Jason Pandrea, testified he heard Appellant threaten her father with burning the house down if he ever left.

{¶8} Karen Ball testified at trial she knew Appellant through a church relationship. She visited the residence on the night of the fire to pick up the children for a church activity. She knocked on the door, but received no answer. She heard someone inside the residence say, "Shhh." Ball noticed Appellant's purse on the deck of the residence, which led her to believe Appellant was inside. At approximately 8:00 p.m. the night of the fire, Ball returned to the residence and witnessed some flickering in the window. When Appellant exited the house, she told Ball her son had started the fire.

{¶9} Investigator Winters prepared a draft report. He concluded the fire originated on the first floor of the residence. Winters maintains this was a typographical error, and should have read the fire originated in the basement of the residence. Additionally, the report contained several other errors not to be included in the final

copy. Winters stated in his testimony at trial the report including the alleged errors was not the final report.

{¶10} During pretrial proceedings, Appellant filed two motions in limine. In the first, Appellant sought to exclude evidence of "bad parenting" introduced by the state.

{¶11} In the second motion in limine, Appellant sought to exclude evidence of her involvement with Child Protective Services and the Department of Job and Family Services regarding "parenting rights, allegations of lice infestation, and having a dirty home," as well as, evidence regarding her mental health and use of medication.

{¶12} Following a jury trial, Appellant was convicted of one count of aggravated arson, in violation of R.C. 2909.02(A)(2), a felony of the second degree, and one count of endangering children, in violation of R.C. 2919.22(A), a misdemeanor of the first degree. Appellant was sentenced to an aggregate prison term of seven years.

{¶13} Appellant now appeals, assigning as error:

{¶14} "I. THE APPELLANT'S CONVICTIONS FOR ONE COUNT OF AGGRAVATED ARSON IN VIOLATION OF R.C. 2909.02 AND ONE COUNT OF ENDANGERING CHILDREN IN VIOLATION OF RC. 2919.22 WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶15} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO REVIEW THE APPROPRIATE DISCOVERY MATERIALS IN PREPARATION FOR TRIAL."

I.

{¶16} In the first assignment of error, Appellant challenges her convictions as against the manifest weight and sufficiency of the evidence.

{¶17} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶18} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶19} Appellant was convicted of aggravated arson, in violation of R.C. 2909.02(A)(2), which reads:

{¶20} "(A) No person, by means of fire or explosion, shall knowingly do any of the following:

{¶21} "(1) Create a substantial risk of serious physical harm to any person other than the offender;

{¶22} "(2) Cause physical harm to any occupied structure;

{¶23} "(3) ***"

{¶24} Appellant was also convicted of endangering children, in violation of R.C. 2919.22(A), which reads,

{¶25} "(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body."

{¶26} The evidence introduced at trial demonstrates the fire was started with an open flame at opposite ends of a mattress. Appellant gave inconsistent statements regarding her actions, which contain unexplained physical impossibilities. In addition, several witnesses testified at trial as to Appellant's prior threats to burn the residence down in retaliation for her father's moving out of the home. The evidence demonstrates Appellant's son did not have smoke exposure or evidence of soot on his person, whereas Appellant did have evidence of soot on her person.

{¶27} Based on the above, we do not find the jury lost its way and viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt.

{¶28} The first assignment of is overruled.

II.

{¶29} In the second assignment of error, Appellant maintains she received ineffective assistance of trial counsel due to counsel's failure to cross-examine Inspector Winters with regard to the errors in his draft report and due to reliance on the draft report in preparation for trial.

{¶30} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶31} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶32} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice"

prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶33} Upon review of the record, we find Appellant has not established the second prong of *Strickland* in that but for the alleged error, the result of the proceeding would have been different. Appellant's defense at trial centered upon her son starting the fire, not where the fire started or developed. Appellant averred she was not where person who started the fire. She did not question how the fire progressed or how it originated. Accordingly, we find Appellant has not demonstrated prejudice as a result of the alleged professional error of trial counsel in use of the draft report in preparation for trial as opposed to the final report.

{¶34} The second assignment of error is overruled.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                             :
                                          :
    Plaintiff-Appellee                 :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
KAYLA J. AYERS                            :
                                          :
    Defendant-Appellant                :          Case No. 2013CA00034


For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas is affirmed.  Costs to Appellant.



_____
HON. WILLIAM B. HOFFMAN



_____
HON. W. SCOTT GWIN



_____
HON. PATRICIA A. DELANEY